MEMORANDUM *
William Marr appeals from the district court’s grant of summary judgment to Bank of America on his claim under § 221 of the California Labor Code and his derivative claim under § 17200 of the California Business and Professions Code. We have jurisdiction under 28 U.S.C. § 1291, see James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1065-67 (9th Cir.2002), and we affirm.
The California courts have held that it is illegal under § 221 and other state statutes and regulations for employers to take deductions for general business expenses from commissions that are based on an individual employee’s sales. See Kerr’s Catering Serv. v. Dep’t. of Indus. Relations, 57 Cal.2d 319, 19 Cal.Rptr. 492, 369 P.2d 20, 24-27 (1962); Hudgins v. Neiman Marcus Grp., Inc., 34 Cal.App.4th 1109, 41 Cal.Rptr.2d 46, 51-55 (1995); Quillian v. Lion Oil Co., 96 Cal.App.3d 156, 157 Cal.Rptr. 740, 742-45 (1979). Deductions from such commissions are permitted, however, when (1) the deductions are tied to the employee’s sales rather than general business expenses, and (2) the employee agrees to the deductions by contract. See Koehl v. Verio, Inc., 142 Cal.App.4th 1313, 48 Cal.Rptr.3d 749, 760-67 (2006); Steinhebel v. L.A. Times Commc’ns., LLC, 126 Cal.App.4th 696, 24 Cal.Rptr.3d 351, 356-62 (2005); Prudential Ins. Co. of Am. v. Fromberg, 240 Cal.App.2d 185, 49 Cal.Rptr. 475, 476-79 (1966). The California Supreme Court’s 2008 decision in Prachasaisoradej v. Ralphs Grocery Co., 42 Cal.4th 217, 64 Cal.Rptr.3d 407, 165 P.3d 133 (2007), did not alter this framework.
The deductions taken in calculating Marr’s commissions were tied to his specific sales; they were not deductions taken for the types of general business expenses deemed troublesome by the California courts. Marr contractually agreed that the deductions would be taken in calculating his commissions. Under California law, the district court was thus correct to grant summary judgment in Bank of America’s favor on Marr’s claim under § 221. Because Marr’s claim under *662 § 17200, as relevant for this appeal, was derivative of his claim under § 221, the district court was also correct in granting summary judgment on the § 17200 claim to the extent appealed.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.